[Cite as *State v. Kelsey*, 2021-Ohio-4372.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-A-0036** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| JOSEPH A. KELSEY, SR., | |
| Defendant-Appellant. | Trial Court No. 2019 CR 00757 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: December 13, 2021
Judgment: Appeal dismissed

*Colleen M. O'Toole,* Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Joseph A. Kelsey, Sr.,* pro se, PID: 67662060, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH 44505 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} On November 15, 2021, appellant, Joseph A. Kelsey, Sr., pro se, filed a "Take Notice of the Intent to Appeal the Decision," construed by this court as a notice of appeal. No entry was attached to the notice, but the record reflects that the trial court issued a September 29, 2021 sentencing entry and an October 1, 2021 nunc pro tunc sentencing entry.

{¶2} Appellant entered a written plea of guilty to count one of the indictment, kidnapping, and the trial court sentenced him to serve a minimum term of five years and a maximum term of seven and one-half years in prison.

{¶3} Appellant did attach a "Declaration of Mailing" to his notice explaining that he first attempted to mail his notice of appeal on October 25, 2021, but it was returned unsent due to insufficient postage.

{¶4} A timely notice of appeal was due no later than October 29, 2021 from the September 29, 2021 sentencing entry, and it was due by November 1, 2021 from the October 1, 2021 nunc pro tunc entry. Regardless, the appeal is untimely filed.

{¶5} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1).

{¶6} However, an appellant make seek leave to file an untimely criminal appeal by strictly following App.R. 5(A) which provides:

{¶7} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for filing a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶8} "(a) Criminal proceedings; * * *

{¶9} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set for forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of appeal in the court of appeals. The movant also shall furnish an additional

2

copy of the notice of appeal and a copy of the motion for leave to the clerk of the court of appeals who shall serve the notice of appeal and the motion upon the prosecuting attorney."

{¶10} Appellant has neither complied with the thirty-day rule set forth in App.R. 4(A)(1) nor sought leave to appeal under App.R. 5(A). Thus, this court is without jurisdiction to consider the appeal.

{¶11} Appeal dismissed, sua sponte, as untimely.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.